**Antonio Mendez GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–95–00143–CR.

Court of Appeals of Texas,
Austin.

Aug. 28, 1996.

Rehearing Overruled Oct. 23, 1996.

Christopher P. Morgan, Austin, for Appellant.

Ronald Earle, District Attorney, Matthew B. Devlin, Assistant District Attorney, Austin, for State.

Before JONES, KIDD and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated assault of a police officer. Act of May 22, 1991, 72d Leg., R.S., ch. 334, § 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex. Penal Code Ann. § 22.02(a)(2), since amended). The district court assessed punishment at imprisonment for three years, suspended imposition of sentence, and placed appellant on community supervision.

### The Charged Offense

On the morning of September 23, 1993, Rocky Guel got into an argument with Gonzalo Gonzales, his coworker at an Austin radiator shop. According to Guel, Gonzales brandished a knife and threatened him. Guel withdrew and called the police. Austin police officers Scott Gunnlaugsson and Walter Riek were dispatched to the scene. They were met outside the shop by Guel, who told them that a man named Gonzales pulled a knife on him and was at that moment inside the shop.

Gunnlaugsson went inside to investigate while Riek remained outside to question Guel. Gunnlaugsson testified that when he entered the shop he was approached by appellant, who was also an employee of the radiator shop and is Gonzalo Gonzales's son. Gunnlaugsson asked appellant if he was Gonzales. Appellant said he was. Gunnlaugsson told appellant to raise his arms and that he was going to pat him down for weapons. Instead of complying with the officer's order, appellant shoved him with both hands. Gunnlaugsson then seized appellant's arm and tried to gain physical control as appellant resisted. Gonzalo Gonzales and another

radiator shop employee, Joel Bellah, grabbed Gunnlaugsson from behind as appellant hit the officer with his fists. Riek came to Gunnlaugsson's aid and after a physical struggle the officers succeeded in subduing the three men.

Appellant was indicted for the aggravated assault of Gunnlaugsson, while Gonzalo Gonzales and Bellah were indicted for the aggravated assault of Riek. The three men were tried together and each testified. According to the defensive testimony, Gunnlaugsson entered the shop, seized appellant, and twisted his arm behind his back. When Gonzalo Gonzales and Bellah tried to explain to the officer that appellant was not the man he was looking for, Riek attacked them with his club. Meanwhile, Gunnlaugsson threw appellant to the floor and began to strike him. The district court's charge included instructions on self-defense generally and on the use of force to resist an arrest or search. *See* Tex. Penal Code Ann. § 9.31 (West 1994 & Supp.1996). The court also instructed the jury on the circumstances under which a peace officer may use force to effect an arrest. *See* Tex. Penal Code Ann. § 9.51 (West 1994). The jury found appellant guilty but acquitted Gonzalo Gonzales and Bellah.[1]

### The Taylor Incident

Appellant brings forward nine points of error, each relating to the district court's refusal to permit him to cross-examine Gunnlaugsson and offer evidence regarding an unrelated incident in which the officer was involved in August 1994. On that occasion, Gunnlaugsson and his police supervisor, Sergeant Randall Pasley, arrested Charles Taylor for a drug offense after a brief chase. Following the arrest, and while lying on the ground with his hands cuffed behind him, Taylor shouted obscenities at the two police officers. According to Taylor, who is black, Gunnlaugsson told him, "[Y]ou niggers and you Mexicans need to go back where you come from." Gunnlaugsson then kicked Taylor.

Gunnlaugsson admitted kicking Taylor but denied making the racially disparaging remark. Pasley corroborated Gunnlaugsson's testimony, saying that he did not hear Gunnlaugsson make a racial slur. Both Gunnlaugsson and Pasley also testified that after kicking Taylor, Gunnlaugsson looked at Pasley and said, "[S]arge, you didn't see that, did you?" In fact, Pasley did see it and reported the kicking incident to the police department's internal affairs office.

Before the district court, appellant argued that the Taylor incident was admissible to impeach Gunnlaugsson's testimony on the theory that it reflected a racial bias that might cause him to testify untruthfully against appellant. Appellant further argued, with particular reference to Gunnlaugsson's statement to Pasley after kicking Taylor, that the proffered evidence also was relevant to impeach Gunnlaugsson's credibility. The district court found that Taylor's testimony regarding the racial slur was not credible and held that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Tex.R.Crim. Evid. 403. The court excluded evidence of Gunnlaugsson's statement to Pasley on the authority of Texas Rule of Criminal Evidence 608(b), which provides that the credibility of a witness may not be impeached with evidence of specific conduct that does not result in a criminal conviction. The court did not separately address the admissibility of evidence that Gunnlaugsson kicked Taylor.

In his brief, appellant breaks the Taylor incident into three parts: the racial slur, the kick, and Gunnlaugsson's statement to Pasley. As to each, appellant argues that the court's refusal to permit cross-examination or evidence denied him due process and due course of law and was contrary to the rules of criminal evidence. U.S. Const. amend. XIV; Tex. Const. art. I, §§ 10, 19; Tex.R.Crim. Evid. 610, 612. Appellant makes no effort to demonstrate that the United States and Texas constitutions differ in any relevant respect, a fact he concedes in his brief. Therefore, we will assume for the purpose of this opinion that appellant's rights under the Texas Constitution are comparable to those secured by the United States Consti-

---

1. Gonzalo Gonzales was also acquitted of the    aggravated assault of Guel.

tution. *See Morehead v. State,* 807 S.W.2d 577, 579 n. 1 (Tex.Crim.App.1991).

### Discussion

■ As part of the Sixth Amendment right to confrontation, a defendant must be given great latitude to show any fact that would tend to establish ill feeling, bias, motive, or animus on the part of a witness testifying against him. *Delaware v. Van Arsdall,* 475 U.S. 673, 678–79, 106 S.Ct. 1431, 1434–35, 89 L.Ed.2d 674 (1986); *Davis v. Alaska,* 415 U.S. 308, 316–17, 94 S.Ct. 1105, 1110–11, 39 L.Ed.2d 347 (1974); *Hurd v. State,* 725 S.W.2d 249, 252 (Tex.Crim.App. 1987); *see Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965) (Fourteenth Amendment incorporates confrontation right). Our rules of criminal evidence expressly recognize the right to impeach a witness by proof of circumstances or statements showing bias or interest on the part of the witness. Tex.R.Crim. Evid. 612(b). Unlike an attack on a witness's character, which reflects on the witness's truth-telling tendencies generally, an attack concerning bias or interest relates only to the specific litigation or parties. The impeaching party must attempt to show that the witness's attitude is such that he is likely to favor or disfavor a particular litigant's position for reasons unrelated to the merits of the suit. 1 Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* § 613.6 (Texas Practice 2d ed. 1993) (hereafter *"Guide to Texas Evidence"*).

■ The rules of evidence grant a party greater latitude to prove a witness's bias than to prove a witness's untruthful character. For the purpose of impeaching his credibility, a witness's character may be attacked by opinion or reputation evidence and by proof of certain criminal convictions. Tex. R.Crim. Evid. 608(a), 609. Other than conviction of a crime, a witness's character for truthfulness may not be impeached by proof of specific instances of conduct. Tex.R.Crim. Evid. 608(b). Rule 608(b) is very restrictive and allows for no exceptions. *Ramirez v. State,* 802 S.W.2d 674, 676 (Tex.Crim.App. 1990). Rule 612, by contrast, places no limits on the sort of evidence that may be adduced to show a witness's bias or interest. Evidence of bias or interest covers a wide range, and the field of external circumstances from which probable bias or interest may be inferred is infinite. *Jackson v. State,* 482 S.W.2d 864, 868 (Tex.Crim.App.1972) (quoting *Aetna Ins. Co. v. Paddock* 301 F.2d 807, 812 (5th Cir.1962)).

### *"You didn't see that."*

■ The district court did not err by prohibiting questioning or evidence regarding Gunnlaugsson's "you didn't see that" statement to Pasley after he kicked Taylor. Appellant argued before the district court that this evidence showed that Gunnlaugsson "was willing to try to cover up the facts, to try to misinform the record ... and to basically not tell the truth, Judge. Another way of saying that is to lie. It goes directly to his credibility." While Gunnlaugsson's statement to Pasley may reflect negatively on his truthful character, the district court correctly ruled that the use of this specific instance of conduct as character evidence was prohibited by rule 608(b).

■ Appellant argues that his constitutional confrontation right creates an exception to rule 608(b). The authorities on which appellant bases this argument do not support it. To the contrary, they recognize that specific acts of conduct are not admissible to impeach a witness's character for truthfulness, and hold only that such conduct evidence is admissible to show a witness's bias or interest. *See Moody v. State,* 827 S.W.2d 875, 891 (Tex.Crim.App.1992) (while there are no exceptions to rule 608(b), constitutional confrontation right includes opportunity to expose witness's motivation in testifying); *Thomas v. State,* 897 S.W.2d 539, 542 (Tex. App.—Fort Worth 1995, no pet.) (while evidence of specific acts of conduct generally not admissible to attack witness's credibility, exception exists where evidence shows bias or motive to testify untruthfully).

■ Appellant attempts to bring Gunnlaugsson's statement to Pasley within the scope of rule 612(b) by arguing that the officer's "attempt to invoke the 'code of si-

lence' on his use of unlawful force against Taylor" raises an inference that his testimony in this cause was motivated by a desire to conceal his improper use of force against appellant. We decline to address this contention because it was not presented to the district court. Tex.R.App. P. 52(a). At trial, appellant argued only that the Taylor incident was evidence of a racial bias that might cause Gunnlaugsson to testify untruthfully against appellant. He did not suggest that the incident showed a motive for testifying untruthfully that was not related to the alleged racial prejudice. Points of error seven, eight, and nine are overruled.

### The kick.

At trial, appellant did not argue that Gunnlaugsson's kick of Taylor as he lay handcuffed on the ground was independently admissible to impeach Gunnlaugsson. Instead, appellant urged that the kick should be considered as a circumstance aggravating the racial slur and giving context to Gunnlaugsson's statement to Pasley. As a consequence, the district court did not rule on the admissibility of the kick evidence standing alone. In the absence of an adverse ruling, appellant did not preserve error with regard to this issue. Rule 52(a).

Even if these points were properly before us, they would not present reversible error. Appellant first argues that, given the nature of the alleged offense and the defense put forward, Gunnlaugsson's use of unreasonable force against Taylor was a circumstance showing a motive for Gunnlaugsson to testify untruthfully against appellant. *Moody v. State*, 830 S.W.2d 698, 704–05 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Posey v. State*, 738 S.W.2d 321, 324 (Tex.App.—Dallas 1987, pet. ref'd). Whatever the merit of this argument, it was not presented to the district court and therefore was not preserved for appeal. Rule 52(a). As previously noted, the only argument relevant to rule 612(b) urged by appellant in the trial court was that the Taylor incident showed Gunnlaugsson's racial prejudice.

Appellant also urges that Gunnlaugsson's use of improper force against Taylor was relevant to corroborate appellant's self-defense claim. This, however, is not an argument for admitting the evidence under rule 612(b) to show bias, but for admitting the evidence as circumstantial proof of Gunnlaugsson's violent conduct on the day in question. *See* Tex.R.Crim. Evid. 404(b). This contention also was not presented to the district court. To the contrary, we understand counsel's remarks at trial as disclaiming reliance on rule 404(b). Points of error four, five, and six are overruled.

### The racial slur.

A trial court may not prohibit a defendant from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of a witness against him. *Van Arsdall*, 475 U.S. at 680, 106 S.Ct. at 1435–36. Racial prejudice is a prototypical form of bias. *Hurd*, 725 S.W.2d at 253. The same may be said, we believe, about prejudice based on ethnicity or national origin. Thus, a witness's bias or prejudice against Hispanics may be a legitimate area of inquiry under rule 612(b).

The district court gave two reasons for excluding the evidence that Gunnlaugsson told Taylor that "niggers and ... Mexicans need to go back where you come from." First, the court found that Taylor's testimony was not credible. Taylor's credibility was a legitimate concern because the alleged racially defamatory statement had probative value only if Gunnlaugsson in fact made it. Under Texas Rule of Criminal Evidence 104(b), whether a "conditional fact" has been proved is a question for the jury. *Guide to Texas Evidence*, § 104.2. The trial court's role under rule 104(b) is limited to determining whether there is sufficient evidence to support such a finding. *Harrell v. State*, 884 S.W.2d 154, 159–61 (Tex.Crim.App.1994); *Guide to Texas Evidence*, § 104.2. In *Harrell*, the court held that before evidence of an extraneous offense may be admitted pursuant to rule 404(b), the trial court must determine that there is sufficient evidence to support a jury finding beyond a reasonable doubt that the defendant committed the offense. *Harrell*, 884 S.W.2d at 160. While it is not clear from the *Harrell* opinion whether this quantum of proof applies to all conditional facts under rule 104(b), we will assume for

the purpose of this opinion that in all cases of conditional relevance, the proponent must proffer sufficient evidence to support a finding of the conditional fact beyond a reasonable doubt.

■ The conditional fact at issue in this cause was whether Gunnlaugsson made the racially defamatory statement attributed to him by Taylor. Under rule 104(b), the district court was to determine only whether the evidence was sufficient to support a finding that Gunnlaugsson made the statement. The ultimate decision whether Gunnlaugsson did or did not make the statement was a question for the jury. Clearly, Taylor's testimony, if believed by the jury, supported a finding beyond a reasonable doubt that Gunnlaugsson made the racial slur. To the extent that the court made its own determination of Taylor's credibility rather than leaving that determination to the jury, it exceeded the scope of its discretion under rule 104(b). *See also* Tex.Code Crim. Proc. Ann. art. 38.04 (West 1979) (jury is exclusive judge of facts and weight to be given testimony).

■ The district court's second reason for excluding evidence regarding the racial slur was its conclusion that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Tex.R.Crim. Evid. 403. Appellant argues that rule 403 does not apply to evidence offered to prove a witness's bias or interest. But neither he nor the State refers us to any opinion discussing whether evidence of a witness's bias offered pursuant to rule 612(b) may be excluded under the authority of rule 403.

The Supreme Court has written:

It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or marginally relevant. And as we observed earlier this Term, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."

*Van Arsdall,* 475 U.S. at 679, 106 S.Ct. at 1435 (quoting *Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 294–95, 88 L.Ed.2d 15 (1985)); *and see Hurd,* 725 S.W.2d at 252 (quoting *Van Arsdall*). The grounds for excluding otherwise relevant evidence listed in rule 403 essentially mirror the concerns mentioned in *Van Arsdall.* We conclude that the district court had the discretion to determine the appropriate manner of showing Gunnlaugsson's alleged ethnic bias.

■ An appellate court may reverse a trial court's exercise of its discretion only when it appears that the court applied an erroneous legal standard, or when no reasonable view of the record could support the court's conclusion under the correct law and the facts viewed in the light most favorable to its conclusion. *DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex.Crim.App.1996); *and see Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (opinion on rehearing) (trial court's discretionary ruling will be upheld if it is within zone of reasonable disagreement). The evidence that Gunnlaugsson kicked a black arrestee and said that "niggers and Mexicans" should go back where they came from was more probative of prejudice against African–Americans than it was of prejudice against Mexican–Americans. The district court could, we believe, reasonably conclude that this evidence would have an undue tendency to focus the jury's attention on a matter—Gunnlaugsson's bias against blacks—that was irrelevant to Gunnlaugsson's credibility as a witness in this cause yet likely to provoke an emotional response among the jurors. The court's conclusion that this risk of unfair prejudice and confusion of the issues outweighed the marginal relevance of the evidence was within the zone of reasonable disagreement. On this record, appellant has not shown an abuse

of the district court's discretion. Points of error one, two, and three are overruled.

The judgment of conviction is affirmed.