TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00302-CR







George Reyna, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0950549, HONORABLE JON W. WISSER, JUDGE PRESIDING







 Appellant George Reyna appeals his conviction for the offense of murder. See Tex. Penal
Code Ann. § 19.02 (West 1994). The convicting jury also found appellant used a deadly weapon, a
firearm, in committing the offense and assessed his punishment at imprisonment for thirty years.

 In four points of error, jointly argued, appellant complains of the trial court's failure to allow
him to impeach the witness Joe Estrada by showing Estrada was "involved in a stabbing attack on one of
defendant's allies subsequent to the indicted incident," thus preventing appellant from fully presenting his
theory of self-defense and from showing the witness's bias against appellant. Appellant also urges that the
trial court's alleged error in failing to allow Estrada's impeachment violated appellant's federal and state
constitutional rights; U.S. Const. amend. VI; Tex. Const. art. I, § 10, as well as his statutory right; Tex.
Code Crim. Proc. Ann. art. 1.05 (West 1977). We will overrule appellant's points of error and affirm the
judgment of the trial court.

 On November 20, 1994, about twenty young men and women attended a party where
alcoholic beverages were being consumed. In the course of the evening, several altercations occurred. 
One escalated into fisticuffs. Those on one side included appellant and his friend, Andy Bandera. Those
on the other side included Jose Estrada and his friend since childhood, Arthur Lucio, the murder victim. 
Appellant fired a handgun toward the victim, killing him.

 During the trial, when the State called Estrada as a witness, the trial court allowed defense
counsel voir dire examination of Estrada out of the presence of the jury. To obtain the voir dire examination
of Estrada, defense counsel stated that, "the reason is that I think it has to do with bias on the part of the
witness." Defense counsel attempted to get Estrada to testify that, more than three months after the murder,
Estrada and several other men attacked Bandera and Ricky Henriques, one of Bandera's friends. In this
fight, Henriques was stabbed. Defense counsel also attempted to get Estrada to admit that, at the time he
stabbed Henriques, Estrada made threats against appellant because appellant, who was not present when
Henriques was stabbed, had shot and killed Estrada's close friend in the earlier fight at the party.

 On voir dire, Estrada denied he was present or made any threats when Bandera and
Henriques were attacked and Henriques stabbed. Defense counsel argued he was "trying to show bias
by this witness against the -- against my client by making continued threats on his life. . . . And I think I
should be allowed to go into that with this witness to see if he is going to deny that. And if he does deny
it, then I think I'm entitled to impeach him on this relevant issue of his bias by bringing another witness that
says this is true." The trial court observed that, because Estrada denied being present, making threats,
taking part in the attack on Bandera, or the stabbing of Henriques, "there is absolutely zero evidence on
the matter before the court." The trial court stated that while it is always permissible to show prejudice and
bias of a witness, this witness denied knowledge of the extraneous matter about which he had been
interrogated. While expressing concern about the trial over the extraneous matter, the trial court assured
defense counsel that at some point, outside the presence of the jury, he would allow counsel the opportunity
to present other evidence concerning the extraneous matter.

 Later in the trial, after the State had rested, defense counsel called Andy Bandera to testify
out of the presence of the jury. Bandera testified that on March 9, 1995, he worked at Hart Graphics until
midnight. As he and his friend Ricky Henriques were in the parking lot on the way to their car, they were
attacked by Estrada, a man known as Zair, and several other hooded men. Bandera got safely to his car,
but Henriques was stabbed in the back by Estrada. Bandera testified that Estrada said:


This is for my home boy that -- that got killed at that party, you're going to get it, and wait
until we catch your home boy George [appellant], we're going to get him too, so relay the
message, let him know that we're looking for him, when we get you again next time you
ain't going to walk away.



Bandera also testified that Estrada's actions and words were in retaliation for the murder that occurred at
the party.


 Defense counsel urged that Bandera's testimony was admissible before the jury for two
reasons.


 Number one, is to impeach the truthfulness of the witness, Jose Estrada, that is, we
believe that the door was opened when Jose Estrada testified that he let all this go the day
after the incident when he visited with the family. And he also said that as a result of that
-- that visit with the family he went in and gave a truthful -- subsequent truthful written
statement. We believe that this shows that that is not true and we would ask that the Court
allow us to impeach his truthfulness with this subsequent incident. That is the first reason
we would like to have this admitted.


 THE COURT: What is the second reason?


 [Defense Counsel]: The second reason is to show -- it actually is -- goes more
towards the reason that George left town immediately after the incident, to show that these
guys were still after him, that they were dangerous and that was the reason he left town
immediately after the incident.


 THE COURT: The Court finds that it fails on both grounds, that it's not relevant
under Rule 402. And even if it was relevant under Rule 403 that it would -- the value so
slight in consideration of us wandering off into another trial on something that occurred half
a year later with different people. But I think that witness -- it is obvious from what he
said that he was a friend of the deceased and, you know, therefore had reason to be
biased or prejudiced against the defendant in this case.


 So I think that this would be cumulative of that. In addition, I just don't think it
aids the jury in their determination.



 Appellant's first point of error, in which he urges the trial court erred in not allowing him
to impeach Estrada by showing an attack on the witness Bandera, is without merit. The alleged attack on
Bandera occurred more than three months after the indicted offense; it was a separate instance of alleged
misconduct that did not result in a conviction. Specific instances of the conduct of a witness, for the
purpose of attacking or supporting his credibility, other than a conviction of crime as provided in Rule 609,
may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence. Tex. R.
Crim. Evid. 608(b); Ramirez v. State, 802 S.W.2d 674, 676 (Tex. Crim. App. 1990); Ruiz v. State, 891
S.W.2d 302, 306 (Tex. App.--San Antonio 1994, pet. ref'd.); Ramirez v. State, 830 S.W.2d 827, 829
(Tex App.--Corpus Christi; 1992, no pet.). Appellant's first point of error is overruled.

 Appellant's second and third points of error complain of the trial court's failure to allow
interrogation of Estrada before the jury and to allow Estrada's impeachment with Bandera's testimony
because it deprived appellant of his right to fully present his theory of self-defense in violation of his
statutory and constitutional rights. This theory and these reasons were not raised in the trial court for the
court's ruling. Therefore, they were not preserved for appellate review. Tex. R. App. P. 52; Wilkerson
v. State, 881 S.W.2d 321, 326-27 (Tex. Crim. App. 1994); Rezac v. State, 782 S.W.2d 869, 870 (Tex.
Crim. App. 1990). An objection stating one legal theory at trial may not be used to support a different legal
theory on appeal. Zimmerman v. State, 860 SW.2d 89, 98 (Tex. Crim. App. 1993); Skillern v. State,
890 S.W.2d 849, 859 (Tex. App.--Austin 1994, pet. ref'd.); Zeman v. State, 912 S.W.2d 363, 366
(Tex. App.--Houston [14th Dist.] 1995, no pet. h.). Appellant's second and third points of error are
overruled.

 In his fourth point of error, appellant asserts that: "The trial court erred by not allowing the
defendant to impeach the witness, Jose Estrada, by showing him to be involved in a stabbing attack on one
of the defendant's allies, subsequent to the indicted incident, thus showing bias against the defendant." 
Defense counsel contended when attempting to offer Estrada's testimony that it would show bias against
appellant; but, later in trial when Bandera's testimony was not allowed before the jury, defense counsel
urged its admission to show that Estrada's testimony before the jury was inconsistent with the proffered
evidence and to show that appellant fled to Mexico because of fear, not because of guilt. At this time, after
Bandera's voir dire testimony, defense counsel did not assert that the rejection of Bandera's testimony
would deprive appellant of his right to show Estrada's bias against him. Without deciding whether this point
of error was preserved for review in the trial court, we will discuss and reject it. The three cases appellant
cites were decided long before the effective date of the Texas Rules of Criminal Evidence. The rules
control the disposition of this point of error. Appellant urges that the proffered evidence was admissible
under Rule 404(b). This rule provides for, in proper circumstances, the admissibility of evidence of other
crimes, wrongs, and acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of a mistake or accident.

 A trial court's ruling concerning the admission or exclusion of evidence may not be
disturbed on appeal unless an abuse of discretion is shown. Erdman v. State, 861 S.W.2d 890, 893
(Tex. Crim. App. 1993); Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991); Gonzales v.
State, 929 S.W.2d 546, 551 (Tex. App.--Austin 1996, pet. filed). An appellate court may reverse a trial
court's exercise of its discretion only when it appears that the court applied an erroneous legal standard,
or when no reasonable view of the record could support the court's conclusion under the correct law and
facts viewed in the light most favorable to its conclusion. DuBose v. State, 915 S.W.2d 493, 497-98
(Tex. Crim. App. 1996). All relevant evidence is admissible, except as otherwise provided by constitution,
by statute, by these rules or by other rules prescribed pursuant to statutory authority. Evidence which is
not relevant is not admissible. Tex. R. Crim. Evid. 402. Although relevant, evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. 
Tex. R. Crim. Evid. 403.

 Here the trial court ruled that the proffered evidence would not aid the jury in its
determination of the issues, that is, it was not relevant and therefore inadmissible. Tex. R. Crim. Evid. 402. 
Further, the trial court ruled that if the proffered evidence were relevant, it was excludable because its
probative value was slight, and because it was cumulative of other evidence that unmistakably showed
Estrada was biased and prejudiced against appellant because appellant had killed Estrada's closest and
long time friend. See Araiza v. State, 929 S.W.2d 552 (Tex. App.--San Antonio 1996. pet. ref'd.). For
these reasons the trial court refused to "wander off into another trial on something that occurred half a year
later with different people." This Court recently held that a trial court did not abuse its discretion in
excluding evidence of bias because the risk of unfair prejudice and confusion of issues outweighed its
relevance. Gonzales v. State, 929 S.W.2d at 551. We conclude that the proffered evidence was not
admissible under Rule 404(b), and that the trial court correctly applied the applicable Rules 402 and 403
in the circumstances of this case. Because appellant has not shown that the trial court abused its discretion
in rejecting the proffered testimony, appellant's fourth point of error is overruled.


 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Dally*

Affirmed

Filed: March 20, 1997

Do Not Publish










* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



 fled to Mexico because of fear, not because of guilt. At this time, after
Bandera's voir dire testimony, defense counsel did not assert that the rejection of Bandera's testimony
would deprive appellant of his right to show Estrada's bias against him. Without deciding whether this point
of error was preserved for review in the trial court, we will discuss and reject it. The three cases appellant
cites were decided long before the effective date of the Texas Rules of Criminal Evidence. The rules
control the disposition of this point of error. Appellant urges that the proffered evidence was admissible
under Rule 404(b). This rule provides for, in proper circumstances, the admissibility of evidence of other
crimes, wrongs, and acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of a mistake or accident.

 A trial court's ruling concerning the admission or exclusion of evidence may not be
disturbed on appeal unless an abuse of discretion is shown. Erdman v. State, 861 S.W.2d 890, 893
(Tex. Crim. App. 1993); Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991); Gonzales v.
State, 929 S.W.2d 546, 551 (Tex. App.--Austin 1996, pet. filed). An appellate court may reverse a trial
court's exercise of its discretion only when it appears that the court applied an erroneous legal standard,
or when no reasonable view of the record could support the court's conclusion under the correct law and
facts viewed in the light most favorable to its conclusion. DuBose v. State, 915 S.W.2d 493, 497-98
(Tex. Crim. App. 1996). All relevant evidence is admissible, except as otherwise provided by constitution,
by statute, by these rules or by other rules prescribed pursuant to statutory authority. Evidence which is
not relevant is not admissible. Tex. R. Crim. Evid. 402. Although relevant, evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. 
Tex. R. Crim. Evid. 403.

 Here the trial court ruled that the proffered evidence would not aid the jury in its
determination of the issues, that is, it was not relevant and therefore inadmissible. Tex. R. Crim. Evid. 402. 
Further, the trial court ruled that if the proffered evidence were relevant, it was excludable because its
probative value was slight, and because it was cumulative of other evidence that unmistakably showed
Estrada was biased and prejudiced against appellant because appellant had killed Estrada's closest and
long time friend. See Araiza v. State, 929 S.W.2d 552 (Tex. App.--San Antonio 1996. pet. ref'd.). For
these reasons the trial court refused to "wander off into another trial on something that occurred half a year
later with different people." This Court recently held that a trial court did not abuse its discretion in
excluding evidence of bias because the risk of unfair prejudice and confusion of issues outweighed its
relevance. Gonzales v. State, 929 S.W.2d at 551. We conclude that the proffered evidence was not
admissible under Rule 404(b