TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00310-CR







Roy Glenn Adams, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR98-088, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







A jury found appellant Roy Glenn Adams guilty of aggravated sexual assault. See
Tex. Penal Code Ann. § 22.021 (West Supp. 2000). The district court assessed punishment at
imprisonment for sixty years. We will affirm.

The complainant testified that she was awakened after midnight by someone
pounding on her door. The person at the door was Adams, with whom the complainant had
formerly been romantically involved. She admitted Adams, who told her that he had cut the
telephone line. He then tied the complainant with rope he brought from the garage, threw her to
the floor, and sexually assaulted her. After the assault, Adams took the complainant to the
bedroom and tied her to the bed. He got a butcher knife from the kitchen, then laid down beside
the complainant while holding the knife to her throat. The complainant managed to escape when
Adams went to sleep and she made her way to a neighbor's house. The neighbor called the
police, who found Adams asleep in the complainant's bed and arrested him.

Adams's first point of error complains of the admission in evidence of statements
he made as he was being booked into jail. Two deputies testified that Adams said, "I'll be out
in 45 days. Does that scare you?" and, "Tell [the complainant] next time she won't have time to
call the cops." Adams objected that these statements were irrelevant and unfairly prejudicial. We
review the district court's ruling for an abuse of discretion. See Green v. State, 934 S.W.2d 92,
101-02 (Tex. Crim. App. 1996). 

In his brief, Adams first asserts that the statements were not res gestae and were
therefore inadmissible. The term "res gestae" refers to evidence of other misconduct that is either
indivisibly connected to the charged offense (same transaction contextual evidence) or that is
helpful to the jury's understanding (background contextual evidence). See Mayes v. State, 816
S.W.2d 79, 86-88 (Tex. Crim. App. 1991). Character evidence is not admissible as background
contextual evidence. See id. at 88; Tex. R. Evid. 404(b). If this is the argument Adams seeks
to make, he waived it by failing to object on rule 404(b) grounds. See Medina v. State, 7 S.W.3d
633, 643 (Tex. Crim. App. 1999) (general relevance objection does not preserve rule 404
extraneous offense claim).

Adams also argues that the statements were not admissible under article 38.22. See
Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 2000). This contention was not
preserved by a trial objection. Moreover, article 38.22, section 3 applies only to oral statements
made during custodial interrogation, while the record reflects that Adams's statements were made
spontaneously.

Adams makes no effort to demonstrate that his trial objections were erroneously
overruled. The arguments he makes were not preserved. Point of error one is overruled.

Next, Adams contends the district court erroneously excluded certain testimony by
a defense witness, William Dowda. Dowda, who was the complainant's companion from 1986
to 1993, would have testified that when their relationship ended, the complainant kept property
belonging to him worth $35,000 and that she relinquished the property only after Dowda filed a
lawsuit. Adams also contends he should have been permitted to cross-examine the complainant
about this matter.

Adams argues that the proposed testimony was admissible to impeach the
complainant. Except for criminal convictions, however, specific instances of conduct by a witness
may not be inquired into on cross-examination or proved by extrinsic evidence for the purpose
of attacking the witness's credibility. See Tex. R. Evid. 608(b). Adams supports his argument
by citing rule 405, but this reliance is misplaced. See Tex. R. Evid. 405. Rule 405(a) permits
an inquiry into specific instances of conduct during cross-examination of a character witness, but
the complainant was not a character witness. Rule 405(b) permits proof of specific instances of
a person's conduct when the person's character is an essential element of a charge or defense, but
character as such is almost never an element of a charge or defense in a criminal case. See Tate
v. State, 981 S.W.2d 189, 192 n.5 (Tex. Crim. App. 1998); Gilbert v. State, 808 S.W.2d 467,
471 n.5 (Tex. Crim. App. 1991). That the complainant kept property that was not hers to keep
was not an essential element of any defense raised by Adams at trial.

Adams also argues that the proffered testimony was admissible to show the
complainant's bias or motive for testifying as she did. See Tex. R. Evid. 613(b). The rules of
evidence grant a party greater latitude to prove a witness's bias or motive than to prove a
witness's untruthful character. See Gonzales v. State, 929 S.W.2d 546, 549 (Tex. App.--Austin
1996, pet. ref'd). Indeed, the rules place no limits on the sort of evidence that may be adduced
to show a witness's bias or interest. See id. 

Adams urges that "it was appropriate to argue to the jury that the complainant had
a pattern of holding up property belonging to ex-lovers and therefore she could concoct testimony
in order to justify her personal gain in not surrendering the property to the Appellant." The
proffered testimony did not demonstrate any pattern of behavior by the complainant. There was
no evidence that the complainant was attempting to keep property belonging to Adams, and
therefore no basis for suggesting that her accusation against Adams was motivated by a desire for
personal gain. To the contrary, Adams adduced testimony that, when their relationship ended,
the complainant destroyed the property he left in her house.

The district court did not abuse its discretion by excluding Dowda's proffered
testimony. Point of error two is overruled.

By his third point, Adams contends he was entitled to a jury instruction on the
lesser included offense of sexual assault. See Tex. Penal Code Ann. § 22.011 (West Supp. 2000). 
A lesser included offense instruction is required if (1) the lesser offense is included within the
proof necessary to establish the greater charged offense, and (2) there is some evidence that would
permit a jury rationally to find that the defendant is guilty only of the lesser offense. See
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). Sexual assault
unquestionably is included within aggravated sexual assault, and the dispositive question is
whether there was evidence from which a rational jury could find that Adams, if guilty, was guilty
only of the lesser offense.

The indictment alleged that, in the course of sexually assaulting the complainant,
Adams threatened the complainant with death or serious bodily injury and used or exhibited a
deadly weapon. See Tex. Penal Code Ann. § 22.021(a)(2)(A)(ii), (iv) (West Supp. 2000). Adams
concedes that the evidence establishes that he had nonconsensual intercourse with the complainant. 
But pointing to evidence that he and the complainant had a four-year relationship and that they had
engaged in consensual sexual intercourse four days before the assault, he argues that "the jury
could have concluded that it would not be necessary for the Appellant to use a deadly weapon or
to [threaten death or serious bodily injury]." The relevant issue, however, is not the degree of
force that might have been necessary, but the degree of force that was in fact used. 

The complainant testified that appellant held a butcher knife to her throat; the police
found a butcher knife on the floor beside the complainant's bed. The complainant testified that
Adams bound her with a rope and choked her; the doctor who examined the complainant
following the assault testified that he observed rope burns on her wrists and ankles, and small
hemorrhagic spots on her face indicative of strangulation. There is no affirmative evidence that
Adams did not use a deadly weapon or, by his actions, place the complainant in fear of death or
serious bodily injury. See Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (charge
on lesser included offense required only if evidence affirmatively raises issue). There being no
evidence that would permit a rational jury to find that Adams was guilty only of sexual assault,
the district court did not err by refusing the requested instruction. Point of error three is
overruled.

Adams's fourth point of error is that the court should have instructed the jury on
the mistake of fact defense. See Tex. Penal Code Ann. § 8.02 (West 1994). "It is a defense to
prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his
mistaken belief negated the kind of culpability required for the commission of the offense." Id. 
Adams argues that because of his long sexual relationship with the complainant, "it was
reasonable for the Appellant to believe he could continue to have a sexual relationship with the
complainant."

In a prosecution for aggravated sexual assault, evidence of the complaining
witness's past sexual behavior with the accused may be relevant to the issue of whether the alleged
victim consented to the charged sexual behavior. See Tex. R. Evid. 412(b)(2)(B). But Adams
conceded at trial, as he does on appeal, that the sex act for which he was on trial was
nonconsensual. Adam's prior relationship with the complainant could not support a reasonable
belief that he could tie her hands and feet, throw her to the floor, and force his penis into her anus
against her will. Point of error four is overruled.

Finally, Adams contends the district court erred by permitting him to be shackled
during the trial. Before jury selection began, Adams objected that he was being forced to wear
leg irons. To explain the leg restraints, the State offered the testimony of the jail administrator
and a guard. The administrator testified that during Adams's pretrial incarceration, he had
repeatedly threatened violence against himself or others, and that it had been necessary to place
him in the "violent restraint cell" eight times. The guard testified that several months earlier,
while being moved from one cell to another, Adams attempted to break free and enter the
administrator's office. In the ensuing struggle, he struck a guard in the face. The record further
reflects that skirts were placed around the counsel tables to hide the leg restraints from the jury. 
There is no evidence that any juror saw the restraints.

A trial court has the discretion to physically restrain a disruptive or violent
defendant. See Culverhouse v. State, 755 S.W.2d 856, 859-60 (Tex. Crim. App. 1988). The
record must affirmatively reflect sufficient reasons justifying the court's action. See id. at 860. 
Adams complains the district court did not make specific fact findings to justify the shackles. But
in the absence of any showing that a juror saw the shackles, any error was harmless. See Long
v. State, 823 S.W.2d 259, 283 (Tex. Crim. App. 1991). Point of error five is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish



inant,
Adams threatened the complainant with death or serious bodily injury and used or exhibited a
deadly weapon. See Tex. Penal Code Ann. § 22.021(a)(2)(A)(ii), (iv) (West Supp. 2000). Adams
concedes that the evidence establishes that he had nonconsensual intercourse with the complainant. 
But pointing to evidence that he and the complainant had a four-year relationship and that they had
engaged in consensual sexual intercourse four days before the assault, he argues that "the jury
could have concluded that it would not be necessary for the Appellant to use a deadly weapon or
to [threaten death or serious bodily injury]." The relevant issue, however, is not the degree of
force that might have been necessary, but the degree of force that was in fact used. 

The complainant testified that appellant held a butcher knife to her throat; the police
found a butcher knife on the floor beside the complainant's bed. The complainant testified that
Adams bound her with a rope and choked her; the doctor who examined the complainant
following the assault testified that he observed rope burns on her wrists and ankles, and small
hemorrhagic spots on her face indicative of strangulation. There is no affirmative evidence that
Adams did not use a deadly weapon or, by his actions, place the complainant in fear of death or
serious bodily injury. See Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (charge
on lesser included offense required only if evidence affirmatively raises issue). There being no
evidence that would permit a rational jury to find that Adams was guilty only of sexual assault,
the district court did not err by refusing the requested instru