TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00168-CR





 

Jerald Ytuarte, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR2000-009, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING 






 

 On January 25, 2001, a jury convicted appellant Jerald Ytuarte of burglary of a
habitation and sentenced him to seventy-five years in jail. (1) See Tex. Pen. Code Ann. § 30.02 (West
2002). Appellant appeals this conviction and contends the district court erred by: (1) admitting
testimony concerning oral statements that appellant made to a law enforcement officer, (2) admitting
testimony regarding appellant's prior felony convictions, (3) allowing the State to impeach appellant
with a prior conviction for failure to identify, (4) admitting testimony of specific instances of
appellant's conduct to show his character for untruthfulness, and (5) submitting an erroneous
instruction in the jury charge. We will affirm the judgment of the trial court. 


 DISCUSSION


 Appellant asserts five issues on appeal; however, appellant failed to object to these
issues or raise them during trial and accordingly has not preserved any of them for appeal. See Tex.
R. App. P. 33.1. For that reason, they are all overruled. In the interest of justice, however, we will
briefly address the merits of each of appellant's issues.


Admission of Evidence

 In his first four issues, appellant contends the trial court erred by erroneously
admitting certain testimony into evidence. The admission or exclusion of evidence is committed to
the trial court's sound discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990). A trial court's ruling on the admissibility of evidence will be overturned only if the ruling
is so clearly wrong that it lies outside the zone of reasonable disagreement. Id. 

 In his first issue, appellant contends the trial court erred by admitting the testimony
of New Braunfels Police Detective Tarinna Skrzycki regarding oral statements that appellant made
to her. At trial, Skrzycki testified that she first interviewed appellant on July 2, 1999, during the
course of an investigation. When Skrzycki asked appellant if he had had sex with the victim,
appellant would not answer. On July 20, 1999, Skrzycki arrested appellant for sexual assault and
took him to the hospital pursuant to a search warrant for a DNA analysis. On the way to the hospital,
Skrzycki explained to appellant that a DNA comparison would be made between appellant and the
victim. Appellant then asked Skrzycki, "How do I prove it was consensual?" In response, Skrzycki
inquired whether appellant had engaged in sex with the victim, to which appellant answered "kind
of." Skrzycki asked appellant to tell her what had happened, but appellant did not answer. 

 Appellant did not object to Detective Skrzycki's testimony, and has not preserved the 
issue for appeal. See Tex. R. App. P. 33.1. However, even if we assume that appellant preserved
this error, the trial court did not abuse its discretion in admitting Detective Skrzycki's testimony.
Appellant argues in his brief that the oral statements made to Skrzycki were the result of custodial
interrogation and therefore should not have been admitted. Custodial interrogation involves
questioning initiated by a law enforcement officer after a person has been taken into custody or
otherwise deprived of his freedom of action in any significant way. Shiflet v. State, 732 S.W.2d 622,
624 (Tex. Crim. App. 1985). If, while in custody, an oral admission is given freely, voluntarily, 
without compulsion or persuasion, and not in response to interrogation, it is admissible as evidence. 
See id.; East v. State, 702 S.W.2d 606, 614 (Tex. Crim. App. 1985). Appellant's statements,
although made while in custody, were voluntary. Detective Skrzycki's question "Did you have sex
with her?" was in response to appellant's question "How do I prove it was consensual?" The record
reflects that appellant made these statements voluntarily, and appellant cannot show that the district
court abused its discretion by admitting Detective Skrzycki's testimony.

 In his second issue, appellant contends that the trial court erred by allowing the State
to elicit testimony regarding the details of appellant's prior felony conviction. Appellant testified
in the guilt/innocence phase of the trial. During cross examination, the State asked appellant if he
was a convicted felon. Appellant responded, "I am now . . . . After this trial." The State responded,
"So you're saying because of the rape you are a convicted felon?" Appellant replied, "No, I'm not
saying because of that . . . . They had no other resources to do it with, to convict me. I'm pending
with this charge here." The State attempted to clarify appellant's testimony by saying, "You're
convicted of theft," to which appellant agreed. The State further clarified, "You're not convicted of
theft because [the victim] made up some charges of rape." Appellant answered, "No. But . . . they
couldn't send me to no kind of treatment for . . . why I was revoked on my probation." The State
then asked, "It's [the victim's] fault that you're a convicted felon?" Appellant responded,"No, it's
not her fault. I mean her accusations." The State contends that appellant was leaving a false
impression with the jury by implying that it was the victim's fault that he was a convicted felon. To
clarify the situation, the State asked, "What did you do wrong while you were on probation?" 
Appellant read from State's exhibit 13, the judgment revoking his probation, and listed several
probation violations. The State responded, "Okay, so it wasn't [the victim's] fault. It's just because
you weren't writing in and you weren't paying." 

 The State continued to elicit testimony from appellant regarding other violations of
his probation including failure of a drug test, failure to perform community service, and testing
positive for amphetamines. During redirect examination, appellant stated, "Just to have somebody
make an accusation against you can be grounds to terminate . . . probation." Appellant further
explained that the pending sexual assault and burglary charges contributed to his probation
revocation. 

 Generally, the State may prove that probation was revoked, but it may not prove the
details of the offense that formed the basis of the revocation. Cliburn v. State, 661 S.W.2d 731, 732
(Tex. Crim. App. 1983). The State argues, however, that when a defendant leaves a false impression
with the jury concerning lawful behavior, it opens the door for impeachment on matters normally
inadmissible. Turner v. State, 4 S.W.3d 74, 79 (Tex. App.--Waco 1999, no pet.). However, the
Turner court specifically held that this exception applies only when the defendant leaves a false
impression with the jury on direct examination. Id.; see also Shipman v. State, 604 S.W.2d 182, 184-85 (Tex. Crim. App. 1980). The exception does not apply when the false impression is created by
the State's questioning on cross examination. Shipman, 604 S.W.2d at 184-85. In this case, the
State incorrectly presented documents concerning the details of the offenses used to revoke
appellant's probation; however, appellant did not object at the time this evidence was presented. 
Therefore, appellant waived the right to complain of this error on appeal. See Tex. R. App. P. 33.1.

 In his third issue, appellant contends that the trial court erred by allowing the State
to impeach appellant with his prior conviction for failure to identify. During the State's cross
examination of appellant, the State asked appellant if he had ever been convicted for failure to
identify. Appellant admitted that he had a misdemeanor conviction for giving a police officer "the
wrong ID." Appellant did not object to this testimony when it was presented. Therefore, he has not
preserved the error for appeal. See Tex. R. App. P. 33.1.

 Even if we assume that appellant preserved the error, the trial court did not abuse its
discretion in admitting the testimony concerning appellant's prior conviction. Generally, a witness
cannot be impeached by a prior offense unless the charges resulted in a conviction for either a felony
offense or an offense involving moral turpitude. Tex. R. Evid. 609. Moral turpitude offenses
include those involving dishonesty or false statement. Dallas County Bail Bond Bd. v. Mason, 773
S.W.2d 586, 589 (Tex. App.--Dallas 1989, no writ). A person commits the offense of failure to
identify by intentionally giving a false or fictitious name to a police officer under certain
circumstances. Tex. Pen. Code Ann. § 38.02(b) (West 2002). Thus, the offense of failure to identify
is a moral turpitude offense. See Lape v. State, 893 S.W.2d 949, 958 (Tex. App.--Houston [14th
Dist.] 1994, pet. ref'd). The trial court did not abuse its discretion in allowing the State to elicit
testimony concerning appellant's prior conviction.

 In his fourth issue, appellant contends that the trial court erred by allowing the State
to elicit testimony regarding specific instances of conduct that showed appellant's character for
untruthfulness. The State called Eduardo Escobedo as a rebuttal witness. Escobedo testified that
he had previously worked with appellant at a lumberyard, and that several times appellant had lied
and told their boss that he did not damage the lumber they were moving. Appellant did not object
to this evidence when it was presented. On cross examination, appellant's attorney asked Escobedo
how well he knew the appellant. Escobedo replied, "I just know him by, you know, acquaintance
at work." Appellant's attorney said, "So is that why you said that you . . . really couldn't state for
sure whether or not he was a truthful person?" Escobedo replied, "Yeah." 

 Other than conviction of a crime, a witness's character for truthfulness may not be
impeached by proof of specific instances of conduct. Tex. R. Evid. 608(b); Gonzales v. State, 929
S.W.2d 546, 549 (Tex. App.--Austin 1996, pet. ref'd). Rule 608(b) is very restrictive and allows
for no exceptions. See Tex. R. Evid. 608(b); Ramirez v. State, 802 S.W.2d 674, 676 (Tex. Crim.
App. 1990). We note the State's reference to the concurrence in Ramirez, stating that a witness who
makes blanket statements that leave the jury with a false impression regarding his character for
truthfulness may be impeached with a specific instance of conduct to correct the false impression. 
Ramirez, 802 S.W.2d 674, 677 (Miller, J., concurring). However, because appellant did not object
to this evidence, he failed to preserve this issue for appeal. See Tex. R. App. P. 33.1. Even if
appellant had preserved the error, the record does not reflect that, had the judge excluded Escobedo's
testimony, the jury would have reached a different verdict. See Lockhart v. State, 847 S.W.2d 568,
573 (Tex. Crim. App. 1992). 


Jury Charge

 In his fifth issue, appellant contends that the trial court erred by including an
erroneous definition of reasonable doubt in the jury charge. The trial court instructed the jury: "It
is not required that the prosecution prove guilt beyond all possible doubt; it is required that the
prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt." Appellant did
not object to the inclusion of this definition in the jury charge.

 If no proper objection was made at trial, the defendant must claim that the error was
"fundamental," and the judgment will be reversed only if the error is so egregious and created such
harm that the defendant "has not had a fair and impartial trial." Alamanza v. State, 686 S.W.2d 157,
171-72 (Tex. Crim. App. 1984). The actual degree of harm must be assessed in light of the entire
jury charge, the state of the evidence, including the contested issues and weight of the probative
evidence, the argument of counsel, and any other relevant information revealed by the record of the
trial as a whole. Id.

 Appellant did not object to the trial court's inclusion of the reasonable doubt
instruction; therefore, reversal is warranted only if we find that the error caused egregious harm and
that appellant was deprived of a fair and impartial trial. After reviewing the record, we cannot say
that the inclusion of the instruction caused egregious harm or that appellant was deprived of a fair
and impartial trial. 

 CONCLUSION


 We overrule each of appellant's issues and affirm the judgment of the trial court.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: May 2, 2002

Do Not Publish
1. Before closing arguments in the guilt/innocence phase of appellant's trial, the State waived
count one of the indictment charging appellant with sexual assault.