# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00130-CR
## NO. 03-04-00131-CR

**Derek Rice, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NOS. 5020400 & 2024170, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Derek Rice guilty of aggravated kidnapping and aggravated sexual assault. *See* Tex. Pen. Code Ann. § 20.04 (West 2003), § 22.021 (West Supp. 2005). The district court assessed punishment in both cases, enhanced by a previous felony conviction, at life imprisonment. In his only point of error, appellant complains that the trial court erroneously excluded evidence tending to impeach the complaining witness. We will overrule this contention and affirm the convictions.

The complainant was married to appellant at the time of the offenses, but divorce proceedings were pending and they were living apart. She was employed by a janitorial service, and on the night in question was working alone in a building occupied by a construction supply company

in Pflugerville. The complainant testified that appellant entered the building through the unlocked door, confronted her, and seized her in a "headlock." He then took her to a storage area, removed most of her clothing, and forced her to engage in anal and oral sex acts. When the complainant resisted, appellant placed a strap around her neck and began to strangle her. Appellant then tied the complainant's hands with a shoelace, put a shirt over her head, and took her to his car. He drove her to a hotel in Manor where he was living, took her inside, and continued to sexually assault her. The complainant escaped when appellant fell asleep. The complainant's account was corroborated by other evidence, including the testimony of the officer who responded to the complainant's call and the nurse who conducted the sexual assault examination.

Appellant testified that he and the complainant planned the meeting at her workplace. He said that she consented to all the sexual acts, both at the office building and in his hotel room. He denied strangling the complainant but admitted tying her hands, which he also said was done with her consent.

Appellant claims that his Sixth Amendment confrontation right was violated because the trial court refused to admit evidence showing that the complainant had a bias or motive for testifying against him. Appellant sought to prove that in 1999, the complainant wrote two letters to the Bexar County District Attorney's office recanting an accusation of sexual assault she had made against appellant in that county. He also sought to prove that the complainant testified at a bond reduction hearing in the Bexar County case that her allegations against appellant were false. The record reflects that despite these recantations by the complainant, appellant pleaded no contest in the Bexar County cause pursuant to a plea bargain for deferred adjudication, which was later revoked.

2

As part of the Sixth Amendment confrontation right, a defendant must be given great latitude to show facts tending to establish ill feeling, bias, motive, or animus on the part of a witness testifying against him. *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986); *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974). Rule 613(b) recognizes this right by permitting impeachment of a witness by proof of circumstances or statements showing a bias or interest on the part of the witness. Tex. R. Evid. 613(b). Appellant relied on rule 613(b) in the trial court, but did not mention the Sixth Amendment. The complaint on appeal must comport with the trial objection. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Tex. R. App. P. 33.1. Even constitutional error may be waived by the failure to object. *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Even if we assume that appellant's reliance on rule 613(b) was sufficient to preserve his constitutional claim, we conclude that the evidence in question did not demonstrate that the complainant had a bias or motive to testify against appellant. Therefore, the exclusion of the evidence did not violate either the Sixth Amendment or the rules of evidence.

Appellant's argument is premised on the assumption that the complainant's letters and testimony at the bail hearing proved that the Bexar County accusation was false. *See Lape v. State*, 893 S.W.2d 949, 958 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (holding evidence of previous false accusation against defendant admissible to show witness's bias); *Thomas v. State*, 669 S.W.2d 420, 423 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) (same). But appellant pleaded no contest in the Bexar County case, and the trial court could reasonably conclude that it was the complainant's recantation, and not her original accusation, that was false. Under the circumstances, the evidence that the complainant had sought to recant the previous accusation of

3

sexual assault was not a circumstance tending to show that she had a bias or improper motive for testifying against appellant in the present cause. *See Hughes v. State*, 850 S.W.2d 260, 263 (Tex. App.—Fort Worth 1993, pet. ref'd) (holding that without a showing they were false, witness's previous accusations against defendant did not demonstrate bias).

It could be argued that regardless of where the truth might lie, the mere fact that the complainant had accused appellant of sexual assault only to recant later demonstrated that she was not a credible witness. But such an argument would be an attack on the complainant's general character for truthfulness, and the use of specific instances of conduct for that purpose is impermissible. Tex. R. Evid. 608(b); *see Dixon v. State*, 2 S.W.3d 263, 271 (Tex. Crim. App. 1999) (op. on reh'g) (discussing distinction between impeachment of witness's character and impeachment based on witness's bias or interest); *Gonzales v. State*, 929 S.W.2d 546, 549 (Tex. App.—Austin 1996, pet. ref'd) (same).

Finding no error in the trial court's ruling, we overrule the point of error and affirm the judgments of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 1, 2005

Do Not Publish